NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELENI VITTAS, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 3:14-cv-3617-BRM-LHG |
| BROOKS BROTHERS INC., GROUP, | : |
| Defendant. | : OPINION |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendant Brooks Brothers Inc., Group's ("Brooks Brothers") Motion to Dismiss *pro se* Plaintiff Eleni Vittas's claims against it pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 17.) Vittas submitted no opposition to the Motion. Pursuant to Federal Rule of Civil Procedure 78(b), the Court did not hear oral argument. For the reasons set forth below, Brooks Brothers' Motion to Dismiss is **GRANTED** and Vittas's Amended Complaint (ECF No. 1-1) is **DISMISSED WITH PREJUDICE**.

I. **PROCEDURAL BACKGROUND**

On December 4, 2013, Vittas, a former employee at a Brooks Brothers retail store in Bridgewater, New Jersey, filed the Complaint in this action in the Superior Court of New Jersey, Somerset County. (ECF No. 1-1 at 2.) On April 16, 2014, Vittas filed an Amended Complaint. (*Id.* at 37.) On June 5, 2014, Brooks Brothers removed the matter to this Court. (ECF No. 1.) The Amended Complaint alleges violations of the New Jersey Law Against Discrimination, as

amended, N.J.S.A. 10:5-1, *et seq.* ("NJLAD"), the New Jersey Equal Pay Act, N.J.S.A. 34:11-56.2 ("NJEPA"), as well as claims for intentional and negligent infliction of emotional distress. (ECF No. 1-1 at 64-70.)

On October 15, 2015, Vittas notified the Court she was experiencing health issues and requested a three-month stay of the litigation. (ECF No. 49.) Brooks Brothers did not object, and on October 20, 2015, the Court entered an Order staying the case for ninety days. (ECF No. 51.) The October 20, 2015 Order also required Vittas to advise the Court of her readiness to proceed with the case no later than January 19, 2016. (*Id.*) On January 29, 2016, ten days after the Court's deadline, counsel for Brooks Brothers wrote to the Court seeking guidance as to how to proceed in light of the fact Vittas had not updated the Court regarding her readiness to proceed. (ECF No. 52.) On February 1, 2016, the Court ordered Vittas to notify the Court of her intention to proceed with the case by February 12, 2016. (ECF No. 53.) On February 3, 2016, Vittas notified the Court she was still receiving treatment but could inform the Court in late March or early April as to when she would be medically cleared to proceed with the case. (ECF No 54.) On February 17, 2016, the Court gave Vittas until May 1, 2016, to update her status. (ECF No. 56.)

On May 2, 2016, Vittas informed the Court she could not yet resume the case because she was still receiving treatment, and she attached a letter from her physician attesting to those facts. (ECF No. 57.) On August 8, 2016, the case was reassigned to the undersigned. (ECF No. 58.) On September 29, 2016, the Court administratively terminated the case and ordered Vittas to inform the Court when she had recovered sufficiently to proceed with the case. (ECF No. 59.) On October 5, 2016, counsel for Brooks Brothers wrote to the Court and objected to an indefinite stay of the case. (ECF No. 60.) The Court then issued an Order granting Vittas an additional three-month stay

2

and granting Brooks Brothers leave to file a motion to dismiss if Vittas was unable to procced at the end of the three months. (ECF No. 61.)

On January 24, 2017, counsel for Brook Brothers wrote to the Court seeking leave to file its Motion to Dismiss. (ECF No. 62.) On February 8, 2017, Vittas wrote to the Court to object to Brooks Brothers' request to move to dismiss her case. (ECF No. 65.) Vittas reiterated that she continued to receive treatment, but she added she did not know when she would be able to proceed with her case. (ECF No. 66.) On February 14, 2017, the Court granted Brooks Brothers' request to file its Motion to Dismiss. (ECF No. 66.) On March 22, 2017, Brooks Brothers filed its Motion. (ECF No. 67.) While Vittas opposed Brooks Brothers' request for leave to file their motion, she has not opposed the motion or otherwise filed an objection or status update since Brooks Brothers' filing nearly nine months ago.

## II. LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure provides in relevant part, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). This Rule has been interpreted to permit a district court to dismiss an action *sua sponte. See Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962); *Kenney v. California Tanker Co.*, 381 F. 2d 775, 777 (3d Cir. 1967), *cert. denied*, 390 U.S. 904 (1968). Typically, when a court dismisses a case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), the court employs the six-factor balancing test set forth in *Poulis v. State Farm Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008). These factors include: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of

sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim. *Poulis*, 747 F.2d at 868. No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

### III. DECISION

Vittas did not file opposition to Brooks Brothers' Motion. However, the Court has an obligation to review Brooks Brothers' application on the merits. *Poulis*, 747 F.2d at 868; *see also Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir.1992) (explaining courts should conduct a merits analysis when a *pro se* parties fails to oppose motions to dismiss) Here, the *Poulis* factors weigh in favor of dismissal.

#### A. The *Poulis* Factors

#### 1. Vittas' Personal Responsibility and Whether She Acted in Bad Faith

As the first and fourth *Poulis* factors are related, the Court evaluates them jointly.

The first *Poulis* factor—a party's personal responsibility—is a question of whether the party herself has caused a delay as opposed to whether counsel for the party is responsible. *Briscoe*, 538 F.3d at 258-59; *Hamilton v. Trans Union, LLC*, No. 16-7974, 2017 WL 453339, at *2 (D.N.J. Aug. 29, 2017). "[I]t is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case, whereas a plaintiff represented by counsel relies, at least in part, on his or her attorney." *Briscoe*, 538 F.3d at 258-59. Vittas, as a *pro se* plaintiff, is personally responsible for her failure to prosecute her case, and this factor therefore weighs in favor of dismissal.

Here, the fourth factor—whether a party acted willfully or in bad faith—mitigates the first factor. There is no dispute that Vittas' health issues have caused the delay in this case. Obviously,

4

this cause is beyond Vittas' control and is not willful or in bad faith. The fourth factor weighs against dismissal.

## 2. Prejudice to Brooks Brothers

As to the second factor—the prejudice to the adversary caused by a plaintiff's delay—the Court finds this factor weighs heavily in favor of dismissal. "[T]he burden imposed by impeding a party's ability to prepare effectively for a full and complete trial strategy is sufficiently prejudicial" for purposes of *Poulis* analysis. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Brook Brothers devotes the majority of its argument in favor of dismissal to this factor. (ECF No. 67-1 at 6-7.)

Brooks Brothers argues it has been substantially prejudiced by the delays to the lawsuit. (*Id.*) Brooks Brothers notes Vittas filed her original Complaint on December 4, 2013, which was nearly two years after her final day of employment with Brooks Brothers. (ECF No. 1-1.) Brooks Brothers argues it has been prejudiced by the fact that eleven fact witnesses, including individuals Vittas identifies in her Amended Complaint, are no longer associated with Brooks Brothers. (Certif. of Jayne Bernardy (ECF No. 67-2) ¶ 2.) Brooks Brothers also notes the retail store where Vittas worked and where the alleged conduct took place closed permanently on October 22, 2016. (*Id.* ¶ 4.)

The Court agrees Brooks Brothers has been prejudiced by the delays in this case and would experience additional prejudice if the case were delayed further. The case has been stayed for more than two years. (ECF Nos. 51, 59, and 61.) Vittas does not know when she would be able to proceed with the case. (ECF No. 65.) An indefinite stay can prejudice a party, "as discoverable evidence may become lost or destroyed." *Diamond v. Borough of Peapack Gladstone*, No. 11-3703, 2011 WL 4950169, at *6 (D.N.J. Oct. 18, 2011). Eleven fact witness have terminated their association

5

with Brooks Brothers since the case was first stayed, which "imped[es] [Brooks Brothers'] ability to prepare effectively for a full and complete trial strategy." *Ware*, 322 F.3d at 222; *see also Hamilton*, 2017 WL 453339, at *2 (finding a plaintiff's delay inhibits a defendant's ability to defend itself).

The Court finds Brooks Brothers has been prejudiced by the delays to the case, and this factor weighs strongly in favor of dismissal.

### 3. Vittas' Dilatoriness

The third *Poulis* factor—the extent and history of a party's dilatoriness—weighs against dismissal. Vittas has been unable to prosecute her case for more than two years, and she does not known when this will change. (ECF Nos. 51, 59, 61, and 65.) However, she has generally complied with the Court's orders to update her status, and she has provided a letter from her doctor substantiating the stated reason for her lack of prosecution. (ECF Nos. 54, 55, and 57.). Despite the extended delay to prosecuting case, Vittas does not appear to have engaged in "a continuous stream of dilatory conduct," nor has the delay been "a dilatory tactic." *See Briscoe*, 538 F.3d at 261 ("conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness'").

The Court finds Vittas' lack of dilatoriness weighs against dismissal.

### 4. The Effectiveness of Other Sanctions

The Court finds the fifth *Poulis* factor—the effectiveness of sanctions other than dismissal—weighs in favor of dismissal. Where, as here, a plaintiff is appearing *pro se*, monetary sanctions, such as fees and costs, are often inappropriate. *Briscoe*, 538 F.3d at 263; *Emerson v. Thiel College*, 269 F.3d 184, 191 (3d Cir. 2002). While a court may exclude evidence as a sanction, such a decision is a more appropriate response to a party's refusal to comply with a discovery

order. *Ware*, 322 F.3d at 221. Furthermore, due to the two-year delay that has already occurred "the memories of [Brooks Brothers'] witnesses fade and [its] costs of litigation mount." *Naik v. Boston Consulting Group*, No. 14-3097, 2017 WL 424902, at *6 (D.N.J. Jan. 12, 2017).

The Court finds the fifth factor weighs in favor of dismissal.

### 5. The Meritoriousness of Vittas' Claims

Finally, in considering the sixth *Poulis* factor, the Court, accepting the factual allegations in the Amended Complaint as true, finds Vittas' claims are meritorious in that she states a claim upon which relief could be granted. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008); *see also Briscoe*, 538 F.3d at 263 ("Generally, in determining whether a plaintiff's claim is meritorious, we use the standard for a Rule 12(b)(60 motion to dismiss for failure to state a claim.").

The Court finds the sixth factor weights against dismissal.

### B. Balancing the *Poulis* Factors

"In balancing the *Poulis* factors, [courts] do not have a 'magic formula' or 'mechanical calculation . . . .'" *Briscoe*, 538 F.3d at 263 (citing *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)). Furthermore, "no single *Poulis* factor is dispositive," *Ware*, 322 F.3d at 222, and "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint," *Mindek*, 964 F.2d at 1373.

Here, three factors weigh against dismissal—Vittas has not acted in bad faith or engaged in dilatoriness, and her claims are meritorious. The remaining three factors weigh in favor of dismissal. The Court finds particularly significant the facts the retail store at which Vittas worked has closed and eleven fact witnesses are no longer associated with Brooks Brothers. The two-year delay has already diminished Brooks Brothers' ability to mount a defense. Additional delay,

particularly with no end in sight, would prejudice Brooks Brothers further. While the Court is sympathetic to Vittas' circumstances, it finds dismissal is appropriate.

## IV. CONCLUSION

For the reasons set forth above, Brooks Brothers' Motion to Dismiss (ECF No. 17) is **GRANTED**. The Amended Complaint (ECF No. 1-1) is **DISMISSED WITH PREJUDICE**. An appropriate Order will follow.

Date: December 11, 2017　　　　　　　　　　　　　　*/s/ Brian R. Martinotti*
　　　　　　　　　　　　　　　　　　　　　　　　　　**HON. BRIAN R. MARTINOTTI**
　　　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**